UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE VAN SLATE and LAMONT
VAN SLATE,

                                NO. CIV. S-08-420 LKK/EFB

      Plaintiffs,

    v.

SKIER'S CHOICE, INC.,
INDMAR PRODUCTS CO., INC.
and DOES 1 through 20,

      Defendants.

_____/

### STATUS (PRETRIAL SCHEDULING) CONFERENCE

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in Chambers on May 12, 2008.  Jannine M. Green

1

1 appeared telephonically as counsel for plaintiffs;  John E. McOsker
2 appeared telephonically as counsel for defendant Skier's Choice;
3 Keith R. Gillette appeared telephonically for defendant Indmar
4 Products Co., Inc.  After hearing, the court makes the following
5 findings and orders:

6       **SERVICE OF PROCESS**

7     All parties defendant have been served and no further service
8 is permitted except with leave of court, good cause having been
9 shown.

10       **JOINDER OF PARTIES/AMENDMENTS**

11     No further joinder of parties or amendments to pleadings is
12 permitted except with leave of court, good cause having been shown.
13 See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir.
14 1992).

15       **JURISDICTION/VENUE**

16     Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1332, is
17 undisputed and is hereby found to be proper, as is venue.

18       **FICTITIOUSLY-NAMED DEFENDANTS**

19     This action, including any counterclaims, cross-claims, and
20 third-party complaints is hereby DISMISSED as to all DOE or other
21 fictitiously-named defendants.

22       **MOTION HEARING SCHEDULES**

23     All law and motion except as to discovery is left open, save
24 and except that it shall be conducted so as to be completed by July
25 12, 2009.  The word "completed" in this context means that all law
26 and motion matters must be **heard** by the above date.  Because this

date is not necessarily a date previously set aside for law and motion hearings, it is incumbent upon counsel to contact this court's courtroom deputy, Ana Rivas at (916) 930-4133, sufficiently in advance so as to ascertain the dates upon which law and motion will be heard and to properly notice its motion for hearing before that date.   Counsel are cautioned to refer to Local Rule 78-230 regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.   **Opposition or statement of non-opposition to all motions shall be filed not later than 4:30 p.m. fourteen (14) days preceding the hearing date, or by proof of service by mail not less than seventeen (17) days preceding the hearing date.**   This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

At the time of filing a motion, opposition, or reply, counsel are directed to email a copy in word processing format to lkk-pleadings@caed.uscourts.gov.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.   To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.   If it appears to counsel after examining the legal issues and facts that an issue can be

3

1  resolved by pretrial motion, counsel are to file the appropriate
2  motion by the law and motion cutoff set forth <u>supra</u>.

3         **Unless prior permission has been granted, memoranda of law in**
4  **support of and in opposition to motions are limited to thirty (30)**
5  **pages, and reply memoranda are limited to fifteen (15) pages.  The**
6  **parties are also cautioned against filing multiple briefs to**
7  **circumvent this rule.**

8         Where the parties bring motions for summary judgment, the
9  court will deem facts which are apparently undisputed as undisputed
10 under Fed. R. Civ. P. 56(d), unless specifically reserved and that
11 party tenders evidence to support the reservation.

12        <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
13 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
14 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED
15 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
16 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
17 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
18 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
19 TIMELY FILE AN APPROPRIATE MOTION.

20        Counsel are further reminded that motions in limine are
21 procedural devices designed to address the admissibility of
22 evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
23 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
24 IN LIMINE  AT THE TIME OF TRIAL.

25        **DISCOVERY**

26        No modifications of the discovery requirements found in the

4

1  Federal Rules is ordered.

2      All discovery is left open, save and except that it shall be
3  so conducted as to be <u>completed</u> by May 12, 2009.  The word
4  "completed" means that all discovery shall have been conducted so
5  that all depositions have been taken and any disputes relative to
6  discovery  shall  have  been  resolved  by  appropriate  order  if
7  necessary and, where discovery has been ordered, the order has been
8  complied with.  Motions to compel discovery must be noticed on the
9  magistrate judge's calendar in accordance with the local rules of
10  this court and so that such motions will be heard not later than
11  April 12, 2009.  In this regard, all counsel are to designate in
12  writing and file with the court and serve upon all other parties
13  a final list of the names of all experts that they propose to
14  tender at trial not later than sixty (60) days before the close of
15  discovery herein established.  At the time of designation, all
16  experts shall submit a written report.  The contents of the report
17  must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All
18  experts  so  designated  are  to  be  fully  prepared  to  render  an
19  informed opinion at the time of <u>designation</u> so that they may fully
20  participate in any deposition taken by the opposing party.  Experts
21  will not be permitted to testify at the trial as to any information
22  gathered or evaluated, or opinion formed, after deposition taken
23  subsequent to designation.

24      An expert witness not appearing on said lists will not be
25  permitted  to  testify  unless  the  party  offering  the  witness
26  demonstrates:  (a) that the necessity of the witness could not have

5

1   been reasonably anticipated at the time the lists were exchanged;

2   (b) the court and opposing counsel were promptly notified upon

3   discovery of the witness; and (c) that the witness was promptly

4   proffered for deposition.

5          **MID-LITIGATION STATEMENTS**

6          Not later than fourteen (14) days prior to the close of

7   discovery, all parties shall file with the court and serve on all

8   other parties a brief statement summarizing all law and motion

9   practice heard by the court as of the date of the filing of the

10  statement, whether the court has disposed of the motion at the time

11  the statement is filed and served, and the likelihood that any

12  further motions will be noticed prior to the close of law and

13  motion.  The filing of this statement shall not relieve the parties

14  or counsel of their obligation to timely notice all appropriate

15  motions as set forth above.

16         **FINAL PRETRIAL CONFERENCE**

17         The Final Pretrial Conference is **SET** for October 13, 2009, at

18  2:30 p.m.  Counsel are cautioned that counsel appearing for

19  Pretrial will in fact try the matter.

20         Counsel for all parties are to be fully prepared for trial at

21  the time of the Pretrial Conference, with no matters remaining to

22  be accomplished except production of witnesses for oral testimony.

23  Counsel are referred to Local Rules 40-280 and 16-281 relating to

24  the contents of and time for filing Pretrial Statements.   In

25  addition to those subjects listed in Local Rule 16-281(b), the

26  parties are to provide the court with a plain, concise statement

6

which identifies every non-discovery motion tendered to the court, and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 40-280 AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

The parties shall file Separate Pretrial Statements, the contents and timing of which are set forth in Local Rule 16-281, except that the parties are to prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case.  See Local Rule 16-281(b)(3), (4), and (6).  The parties are reminded to include in their joint statement all disputed and undisputed special factual information as required by Local Rule 16-281(b)(6).

The undisputed facts and disputed factual issues are to be set forth in two separate sections.  In each section, the parties should identify first the general facts relevant to all causes of action.  After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. Each individual disputed fact or factual issue shall include the following introductory language:  "Whether or not . . . ."  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.

1   Notwithstanding the provisions of Local Rule 16-281, the Joint

2   Statement of Undisputed Facts and Disputed Factual Issues is to be

3   filed with the court concurrently with the filing of plaintiff's

4   Pretrial Statement.  If the case is tried to a jury, the undisputed

5   facts will be read to the jury.

6        Pursuant to Local Rule 16-281(b)(10) and (11), the parties are

7   required to provide in their Pretrial Statements a list of

8   witnesses and exhibits that they propose to proffer at trial, no

9   matter for what purpose.  These lists shall <u>not</u> be contained in the

10  Pretrial Statement itself, but shall be attached as separate

11  documents to be used as addenda to the Final Pretrial Order.

12  Plaintiff's exhibits shall be listed **numerically**; defendant's

13  exhibits shall be listed **alphabetically**.  In the event that the

14  alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,

15  3A-3Z, etc."  The Pretrial Order will contain a stringent standard

16  for the proffering of witnesses and exhibits at trial not listed

17  in the Pretrial Order.  Counsel are cautioned that the standard

18  will be strictly applied.  On the other hand, the listing of

19  exhibits or witnesses which counsel do not intend to call or use

20  will be viewed as an abuse of the court's processes.

21       Pursuant to Local Rule 16-281(b)(12), a party is required to

22  provide a list of all answers to interrogatories and responses to

23  requests for admission that the party expects to offer at trial.

24  This list should include only those documents or portions thereof

25  which the party expects to offer in its case-in-chief.  Unless

26  otherwise barred by a rule of evidence or order of this court, the

8

1  parties remain free to tender appropriate discovery documents

2  during trial for such purposes as, but not limited to, impeachment

3  or memory refreshment.

4     Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial

5  Statements shall contain a "statement of legal theory, etc." Each

6  party shall commence this section by specifying as to each claim

7  whether federal or state law governs, and if state law, the state

8  whose law is applicable.

9     Counsel are also reminded that, pursuant to Fed. R. Civ. P.

10 16, it will be their duty at the Pretrial Conference to aid the

11 court in (a) formulation and simplification of issues and the

12 elimination of frivolous claims or defenses; (b) settling of facts

13 which should be properly admitted; and (c) the avoidance of

14 unnecessary proof and cumulative evidence. Counsel must prepare

15 their Pretrial Statements, and participate in good faith at the

16 Pretrial Conference, with these aims in mind. A FAILURE TO DO SO

17 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

18 monetary sanctions, orders precluding proof, eliminations of claims

19 or defenses, or such other sanctions as the court deems

20 appropriate.

21     **TRIAL SETTING**

22     Trial is **SET** for January 20, 2010, at 10:30 a.m. Trial will

23 be by the court without jury. The parties represent in good faith

24 that the trial will take approximately five (5) days.

25     **SETTLEMENT CONFERENCE**

26     A Settlement Conference will be set before a judge other than

the trial judge at the time of the Pretrial Conference.

Counsel are cautioned to have a principal capable of disposition present at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

**MISCELLANEOUS PROVISIONS**

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of court upon a showing of good cause.** Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not constitute good cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

The parties are reminded of their continuing obligation to supplement their statements relative to the identification of parent corporations and any publicly held company that owns 10% or more of the party's stock within a reasonable time of any change in the information.

The parties are admonished that they are not to cite or refer to any of the quotations inscribed in the pavers on the front plaza of the United States Courthouse in any written or oral presentation

10

1   to the court or a jury.

2        There appear to be no other matters presently pending before

3   the court that will aid the just and expeditious disposition of

4   this matter.

5        IT IS SO ORDERED.

6        DATED:  May 13, 2008.

7

8                              LAWRENCE K. KARLTON

9                              SENIOR JUDGE

10                             UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                              11